State v. Rann

On 8 March 1973, after proper notice to defendant and a hearing at which defendant was represented by counsel, Judge Rousseau entered judgment revoking defendant's probation. Defendant was ordered to begin serving the four to seven year sentence previously imposed for involuntary manslaughter.

*Attorney General Morgan, by Assistant Attorney General Lloyd, for the State.*

*Porter, Conner and Winslow, by Douglas L. Winslow, for defendant appellant.*

---

STATE OF NORTH CAROLINA v. GREGORY ANTON RANN

No. 7426SC460

(Filed 3 July 1974)

APPEAL by defendant from *Falls, Judge,* 14 January 1974 Session of Superior Court held in MECKLENBURG County.

Defendant was tried for second-degree murder on a charge contained in an information signed by the solicitor, defendant and his counsel having signed written waiver of indictment pursuant to G.S. 15-140.1. The State offered evidence tending to show: At about 8:30 p.m. on 22 September 1973, defendant, Jerry McMillan and several other youths went to the Red Ball Store on Graham Street in Charlotte, N. C., for the purpose of robbing the store. While they were standing behind the store sharing a newly purchased bottle of wine, Sim Graves, Jr. walked by the group. The defendant asked Graves about a gun, threatened him, and when Graves began running away, fatally

shot Graves in the head with a .22 pistol. Sharply disputing this narrative, the defendant offered evidence to the effect that the State's witness, McMillan, had shot Graves with a .22 pistol while the defendant was not present. The jury found defendant guilty of second-degree murder and judgment was entered thereon imposing 25 to 30 years prison sentence.

*Attorney General Robert Morgan by Assistant Attorney General Walter E. Ricks III for the State.*

*Olive, Howard, Downer, Williams & Price by Paul J. Williams for defendant appellant.*

PARKER, Judge.

Defendant has brought forward eight assignments of error, excepting to various portions of the trial court's instructions to the jury. We have diligently examined each and find none to be well taken. In no instance did the trial court either express an opinion, misstate the law, or confuse the jury. This hard-fought case presented the jury with two opposing factual situations. A murder had been committed; the question was, by whom. The jury chose to believe the State's evidence rather than the defendant's, and the record indicates that it did so after being fully apprised of the law and unaware of any judicial leaning.

No error.

Judges CAMPBELL and HEDRICK concur.